UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **JERALDINE LEAR,** | **CIVIL ACTION NO. 5:13-439-KKC** |
| **Plaintiff,** | |
| V. | **OPINION & ORDER** |
| **CAROLYN W. COLVIN,**<br>**ACTING COMMISSIONER**<br>**OF SOCIAL SECURITY,** | |
| **Defendant.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff's motion to hold the Commissioner of Social Security in contempt. (DE 16). For the following reasons, the motion is DENIED.

## I.  BACKGROUND

Plaintiff filed for Supplemental Security Income and disability insurance benefits in July 2010. Plaintiff's claim arose out of a back injury she suffered lifting a patient from a wheelchair in June 2002 while working as a licensed practical nurse.

Plaintiff's application was initially denied by the agency and was denied again after reconsideration. Plaintiff then requested the denial be reviewed by an administrative law judge, and a hearing was held in August 2012.

The ALJ's first Notice of Decision, issued in September 2012, followed the five-step process of Social Security decisions and denied Plaintiff's request for benefits. Plaintiff appealed to the Social Security Appeals Council, which denied the appeal, and then to this Court.

Upon review, the Court found that while the ALJ had cited the medical opinions of Plaintiff's examining physicians, he "never explicitly note[d] how much weight he afforded *any* of the medical opinions in the record." (DE 14, Opinion at 7) (emphasis in original). "Fatally, the ALJ never assign[ed] *any* weight to Dr. Shahzad's medical opinion." (DE 14, Opinion at 7) (emphasis in original). Dr. Shahzad, a primary care physician, was Lear's treating physician. (DE 14). The Court remanded Plaintiff's claim to the ALJ for further consideration in November 2014 under sentence four of 42 U.S.C. § 405(g). (DE 14).

In March 2016, the ALJ held a new hearing, and in May 2016, he issued another Notice of Decision, again denying Plaintiff's claim for benefits.

Plaintiff is now before the Court upon a motion to hold the Commissioner in contempt, arguing that the ALJ failed and/or refused to follow the specific instructions of the Court. (DE 16).

Defendant, in response, argues that Plaintiff's challenge is procedurally improper, asserting that this case was closed in November 2014 when the Court remanded the case to the ALJ. (DE 18). Alternatively, Defendant argues that, notwithstanding the procedural issue, Plaintiff has not demonstrated that the Commissioner should be held in contempt. (DE 18).

## II. ANALYSIS

The first issue to address is whether Plaintiff's motion to hold the Commissioner in contempt is a procedurally proper means to attack a decision that was remanded under sentence four of 42 U.S.C. § 405(g).

The ALJ's unfavorable Notice of Decision issued to Plaintiff in May 2016 contained information about Plaintiff's options should she disagree with the ALJ's decision. First, Plaintiff could file written exceptions with the Appeals Council within thirty days of receiving the notice. *See* 20 C.F.R. § 416.1484(b)(1). Second, she could decide not to file any exceptions

and instead hope that the Appeals Council would review the ALJ's decision on its own. *See* § 416.1484(c). Third, the ALJ's letter told Plaintiff that she could file "a new civil action" with the Court once the ALJ's decision became final, which was on the sixty-first day after the notice was issued if Plaintiff did not file exceptions and the Appeals Council did not review the decision on its own. (DE 18-1, Notice of Decision at 2). According to the ALJ's letter, Plaintiff had sixty days after the ALJ's decision became final in which to file a new civil action. (DE 18-1, Notice of Decision at 2). Plaintiff could also decide to file a new application. (DE 18-1, Notice of Decision at 3).

Here, Plaintiff chose none of the available options for challenging the ALJ's decision. Instead, she filed a motion to hold the Commissioner in contempt, arguing that the ALJ failed and/or refused to follow the specific instructions of this Court. (DE 16). Plaintiff's motion was an improper method for asserting a challenge to her denial of benefits in this Court. Instead, Plaintiff should have filed a new civil action within the appropriate dates. (DE 18-1, Notice of Decision at 3).

As Plaintiff's motion is procedurally improper, the Court does not reach the substance of the motion.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to hold the Commissioner in contempt (DE 16) is DENIED.

Dated October 17, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY